The People of the State of New York, Respondent,
against
Linda Ingber, Appellant.




Victor M. Serby, Esq., for appellant.
John B. Turano, Esq., for respondent.

Appeal from a judgment of the Justice Court of the Village of Lake Success, Nassau County (Mark D. Mermel, J.), rendered February 11, 2015. The judgment, after a nonjury trial, convicted defendant of using a portable electronic device while operating a motor vehicle.




ORDERED that the judgment of conviction is reversed, on the law, the simplified traffic information is dismissed, and the fine, if paid, is remitted.
Defendant was charged in a simplified traffic information with using a portable electronic device while operating a motor vehicle (Vehicle and Traffic Law § 1225-d [1]). Insofar as is relevant to this appeal, Vehicle and Traffic Law § 1225-d provides as follows:
"1. Except as otherwise provided in this section, no person shall operate a motor vehicle while using any portable electronic device while such vehicle is in motion . . .
2. For the purposes of this section, the following terms shall have the following meanings:
(a) "Portable electronic device" shall mean any hand-held mobile telephone, as defined by subdivision one of section twelve hundred twenty-five-c of this article, personal digital [*2]assistant (PDA), hand-held device with mobile data access, laptop computer, pager, broadband personal communication device, two-way messaging device, electronic game, or portable computing device, or any other electronic device when used to input, write, send, receive, or read text for present or future communication.
(b) "Using" shall mean holding a portable electronic device while viewing, taking or transmitting images, playing games, or, for the purpose of present or future communication: performing a command or request to access a world wide web page, composing, sending, reading, viewing, accessing, browsing, transmitting, saving or retrieving e-mail, text messages, instant messages, or other electronic data.
. . .
4. A person who holds a portable electronic device in a conspicuous manner while operating a motor vehicle . . . is presumed to be using such device . . . The presumption established by this subdivision is rebuttable by evidence tending to show that the operator was not using the device within the meaning of this section" (emphasis added).
At a nonjury trial, a police officer testified that he had observed defendant driving a 2008 Toyota while holding an electronic device in her hand 12 inches away from her mouth and speaking into the device. Defendant admitted that she had been dictating on an Olympus model DS-25A recorder while driving; however, she contended that using such a device while driving is not covered under Vehicle and Traffic Law § 1225-d. In finding defendant guilty, the Justice Court determined that the device that she had been using is covered under the "catchall" provision of the definition of a "portable electronic device," i.e., "any other electronic device when used to input, write, send, receive, or read text for present or future communication" (Vehicle and Traffic Law § 1225-d [2] [a]) and imposed a fine of $200. On appeal, defendant contends that the device she was dictating into while driving is not a "portable electronic device" within the meaning of Vehicle and Traffic Law § 1225-d (2) (a) and that, in any event, she was not "using" the device as such term is defined in Vehicle and Traffic Law § 1225-d (2) (d). We find that the prosecution failed to prove that the electronic dictation device defendant was using met the statutory definition of a "portable electronic device" (Vehicle and Traffic Law § 1225-d [2] [a]) and, thus, the conviction cannot be sustained. 
"As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]). The electronic dictation device that defendant admitted using while driving does not fall within any of the specific "portable electronic devices" listed in Vehicle and Traffic Law § 1225-d (2) (a), as the People failed to establish that its sole function and capability was to do anything more than to store speech for later audio playback. Despite the Justice Court's finding otherwise, this device also does not fit within the "catchall" provision of Vehicle and Traffic Law § 1225-d (2) (a). As we read the catchall provision, the word "text" is the object of the verbs, "to input, write, send, [*3]receive, or read." Here, however, there was no evidence presented by the People that the device that defendant had been seen holding and talking into while driving displayed, sent or received text. Indeed, defendant testified that, when she was speaking into the device, she was not inputting, accepting, receiving or reading texts. Consequently, "giving effect to the plain meaning" (Majewski, 91 NY2d at 583) of this subsection of the statute, we find, based on the evidence adduced at trial, that the particular device defendant was using while driving was not shown to be a "portable electronic device," as such term is defined in Vehicle and Traffic Law § 1225-d (2) (a). Thus, the evidence, when viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), was not legally sufficient to support the conviction.
Since we find that the device that defendant was dictating into while driving is not a "portable electronic device" within the meaning of Vehicle and Traffic Law § 1225-d (2) (a), we need not determine whether she had been "using" it, as such term is defined in Vehicle and Traffic Law § 1225-d (2) (b).
Accordingly, the judgment of conviction is reversed and the simplified traffic information is dismissed.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 30, 2017